**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Theresa Stuart,

Plaintiff,

v.

QuikTrip Corporation,

Defendant.

No. CV-26-00710-PHX-DJH

**ORDER**

At issue is Plaintiff Theresa Stuart's ("Stuart") Motion to Remand. (Doc. 12).[1] Defendant QuikTrip Corporation ("QuikTrip") has filed a Response (Doc. 16) and Stuart elected not to file a Reply. The Motion is therefore fully briefed. For the reasons set forth below, the Court will deny the Motion.

## I. Background

Stuart decided on November 13, 2023, that she wanted to stop by her local QuikTrip store. (Doc. 1-1 at ¶ 11). Once inside, she went to the coffee machine. (*Id.* at ¶ 15). Stuart says the coffee machine had no signage to indicate that she should tread carefully or that it was out of order in any way. (*Id.* at ¶ 14). In her attempt to use the machine as intended, Stuart says that her cup gushed over with scalding hot water and the machine's grate collapsed. (*Id.* at ¶ 16). She maintains that she injured her left hand and required medical treatment. (*Id.* at ¶¶16 & 25). She filed a negligence action against QuikTrip for premises liability in Maricopa County Superior Court of Arizona. (*Id.* at 27, ¶¶A–F). QuikTrip

[1] There is another Motion to Remand on the docket at Doc. 13. This appears to be an inadvertent duplication of the Motion to Remand at Doc. 12, and it will be denied as moot.

removed the case to this Court based on complete diversity between the parties not long after February 3, 2026. (Doc. 1). The only point in dispute between the parties is if QuikTrip's removal of this case was timely. The court finds that it was and will not remand the case back to state court.

## II. Timeliness of Removal

In her Motion to Remand, Stuart contends that QuikTrip did not timely remove this case. (Doc. 12 at 1). In support, she argues that she filed her Complaint on September 24, 2025, and served QuikTrip on October 1, 2025. (*Id.*) Based on that chronology, QuikTrip had 30 days to remove that case which would have expired on October 31, 2025. (*Id.*) But QuikTrip counters that they were not on notice that the case was removable until January 5, 2026, when Stuart submitted her Initial Disclosure statement identifying her amount in damages as "$68,146.46+." (Doc. 16 at 2). Under QuikTrip's timeline, the last day for a timely removal was 30 days from February 4, 2026. And QuikTrip says it was well within the timeline for removal because it removed this case on February 3, 2026. (Doc. 16 at 2).

There are two distinct avenues for timely removal under 28 U.S.C. § 1446(b). The first thirty-day removal period is triggered if the initial pleading shows that the case is removable on its face. 28 U.S.C. § 1446(b)(1). The second thirty-day removal period triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a "copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained." *Id.* at § (b)(3). Under Ninth Circuit precedent, it first becomes ascertainable that a case is or has become removable when the basis for removal is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). This standard was adopted to "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading [to] prevent plaintiffs from strategically starting the removal clock without the defendants' realization," and "guar[d] against premature and protective removals . . . ." *Id.* (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) (internal quotations omitted).

The Court finds that QuikTrip timely removed this case to federal court based on

Stuart's Initial Disclosure statement, which made it unequivocally clear and certain that the amount in controversy was satisfied and that the case became removable. In opposition, Stuart argues that QuikTrip should have known that the case was removable when she made her settlement demand, which included a wage-loss claim. (Doc. 12 at 4). An affidavit she filed saying she was "seeking more than $50,000 in damages" should also have alerted QuikTrip to the case's removability much earlier than February 3, 2026, Stuart argues.[2] (*Id.*) Also in support of her theory that the case was immediately removable, she says she filed it as a Tier 2 case in state court, meaning that the damages range was somewhere between $50,000 to $300,000. (*Id.*) Essentially Stuart is arguing that even before her Initial Disclosure Statement, QuikTrip had ample information to remove the case.

But Stuart's arguments betray a fundamental misunderstanding of the Ninth Circuit's interpretation of when a case becomes removable. Notably, as QuikTrip points out, Stuart's Complaint lacked a specific request for damages. (Doc. 16 at 4; *see also* Doc. 1-1 at 4–5, Stuart's Complaint). A specific amount of damages was also absent from her settlement demand, which QuikTrip argues was made prior to the start of the litigation anyway. (*Id.* at 5). And, QuikTrip notes that the tiered system in state court is not based solely on monetary damages, it is also based on things like the scope and complexity of the discovery requested. (*Id.* at 6). The arguments advanced by QuikTrip are important because the Ninth Circuit does not require defendants to guess or investigate the amount in controversy to determine if the case is removable. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.") QuikTrip was not on notice of the removability of this case when Stuart served her Complaint because her Complaint did not allege any amount in damages. The case was not, as Stuart contends,

[2] Stuart does not attach this affidavit to her Motion or say when she filed it. She only references a paragraph from her Complaint that says the following: "Plaintiff claims that the damages in this matter meet the criteria for Tier 2 a specified in Rule 26.2(c)(3), Arizona Rules of Civil Procedure." (Doc. 1-1 at ¶ 27).

removable at the outset. But it became removable when it became unequivocally clear and certain from Stuart's Initial Disclosure statement that she was seeking "$68,146.46+" in damages. The unequivocally clear and certain threshold is not met by mere clues as to the removability, rather is satisfied when a paper or pleading gives specific and unambiguous notice that the amount in controversy is met. *See Harris*, 425 F.3d at 694 (collecting cases saying that explicitly stating the amount in controversy meets the threshold of unequivocally clear and certain). The first time it became unequivocally clear and certain that the removal clock had started was when Stuart filed her Initial Disclosure statement. She filed it on January 5, 2026, making the last day to remove the case to federal court February 4, 2026. QuikTrip effectuated a proper removal on February 3, 2026, thereby making the removal timely under 28 U.S.C. § 1446(b)(3). For those reasons, Stuart's Motion to Remand is properly denied.

Accordingly,

**IT IS ORDERED** that Stuart's Motion to Remand (Doc. 12) is **denied** and her second Motion to Remand (Doc. 13) inadvertently filed on the docket as a duplicative motion is **moot.**

Dated this 26th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge